**Nos. 24-1538, 24-1826**

# United States Court of Appeals
# for the Federal Circuit

**JACKI EASLICK LLC, JE CORPORATE LLC,**

*Plaintiffs-Appellants,*

**v.**

**ACCENCYC US,**

*Defendant-Appellee,*

**CJ EMERALD, ET AL.,**

*Defendants.*

*Appeals from the United States District Court
for the Western District of Pennsylvania in
No. 23-cv-2000, Judge William S. Stickman IV*

**APPELLANTS' REPLY BRIEF**

|  |  |
|---|---|
|  | Stanley D. Ference III |
|  | Brian Samuel Malkin |
|  | FERENCE & ASSOCIATES LLC |
|  | 409 Broad Street |
|  | Pittsburgh, Pennsylvania 15143 |
|  | (412) 741-8400 |
|  | courts@ferencelaw.com |
| March 31, 2024 | *Attorneys for Appellants* |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

    I.    AccEncyc's Arguments Confirm That the District Court Abused Its Discretion When It Denied the Jackie Easlick Companies' Preliminary Injunction Motion ...................................................................................2

        A.    AccEncyc Incorrectly Argues the 90 Degree Orientation of the Hooks in the Patented Design is Functional ......................2

        B.    AccEncyc Incorrectly Argues the District Court Properly Considered Individual Design Details ..........................................3

        C.    AccEncyc Inaccurately Accuses the Jackie Easlick Companies of Doctoring the Images in its Brief .............................................4

        D.    AccEncyc Incorrectly Argues the District Court Acted Properly in Failing to Consider the Prior Art .............................6

    II.    AccEncyc's Arguments Confirm That the Jackie Easlick Companies are Irreparably Harmed by AccEncyc's Conduct .................................8

CONCLUSION .......................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*AFG Media Ltd. v. lemonseven*,
  No. 24-cv-557 (W.D. Pa. May 6, 2024) ..........................................................9

*Allseason Enterprises, LLC v. Routes Enterprises*,
  No. 25-cv-0027 (W.D. Pa. Feb. 25, 2025) ......................................................8

*Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988) ......................................................................7

*Crocs, Inc. v. Int'l Trade Comm'n*,
  598 F.3d 1294 (Fed. Cir. 2010) ......................................................................7

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) ........................................................................6

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
  482 F.3d 247 (3d Cir. 2007) ...........................................................................3

*Gorham v. White*,
  81 U.S. 511 (1871) .........................................................................................6

*Hoxworth v. Blinder, Robinson & Co., Inc.*,
  903 F.2d 186 (3d Cir. 1990) .........................................................................12

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
  988 F.2d 1117 (Fed. Cir. 1993) ......................................................................7

*Revision Mil., Inc. v. Balboa Mfg. Co.*,
  700 F.3d 524 (Fed. Cir. 2012) ........................................................................4

*Nifty Home Products, Inc. v. Ladynana US*,
  No. 22-cv-994 (W.D. Pa Sept. 19, 2022) ........................................................9

*Pawesome Pet Products LLC v. Lvliang Kitchenware Store*,
  No. 24-cv-905 (W.D. Pa. Aug. 6, 2024) ..........................................................9

*Volkswagen AG v. hkseller\*2011*,
  No. 18-cv-7621 (N.D. Ill. May 6, 2019) .......................................................12

# INTRODUCTION

Jacki Easlick LLC and JE Corporate LLC (the "Jackie Easlick Companies") have appealed the district court's denial of their motion for a preliminary injunction as to one defendant, ACCENCYC US ("AccEncyc"). In its opposition brief, Appellee AccEncyc makes two primary arguments.

First, it argues that the district court properly found that its product was not sufficiently similar to the Jackie Easlick Companies' product so as to cause consumer confusion. The Jackie Easlick Companies argue in their brief that the district court erred by focusing on individual design details instead of considering the overall designs as a whole, as required by this Court's precedents. AccEncyc does not (and cannot) point to any discussion of overall design appearances in the district court's opinion, and instead merely repeats the district court's mistake by focusing on individual design details.

Second, AccEncyc argues that the record before the district court did not establish irreparable harm. Again, AccEncyc does not rebut the argument that the Jackie Easlick Companies actually make (presumably because it is unable to do so) and instead rebuts an entirely different argument. The Jackie Easlick Companies contend that the district court acted arbitrarily and capriciously by changing its position on irreparable harm between the TRO stage and the preliminary injunction stage even though the record at both stages was identical and even though

AccEncyc did not address irreparable harm in its briefing. That argument remains unrebutted. Accordingly, the Jackie Easlick Companies respectfully request that this Court reverse and remand the case back to the district court for further proceedings on the motion for a preliminary injunction.

## ARGUMENT

**I.    AccEncyc's Arguments Confirm That the District Court Abused Its Discretion When It Denied the Jackie Easlick Companies' Preliminary Injunction Motion.**

As the Jackie Easlick Companies demonstrated in their opening brief, the district court applied the wrong standard for infringement of a design patent, focusing on small ornamentation details rather than on the overall appearance of the product and consumer confusion in the context of the prior art.  AccEncyc's Brief fails to fails to counter this argument.  Instead, AccEncyc raises several arguments – including ones argued for the first time on appeal – without ever addressing the Jackie Easlick Companies' argument that the that district court did not base its decision on the overall appearance of the accused product and the patented design, but incorrectly focused on small design differences.

**A. AccEncyc Incorrectly Argues the 90 Degree Orientation
of the Hooks in the Patented Design is Functional.**

AccEncyc first argues that the 90-degree orientation of the hooks in the patented design is functional, and not ornamental, and therefore is not protected by Jackie Easlick Companies' design patent.  (*See AccEncyc Brief* at 17-19.)  This is

an argument that AccEncyc did not present to the district court and should not be first presented to this Court. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) (absent exceptional circumstances, issues not raised before the district court are waived on appeal).

Moreover, this argument does not support affirming the district court's decision because the district court deemed (properly) that the 90-degree orientation of the hooks was an ornamental feature, not a functional feature. (Appx010 and Appx29) ("[t]he Design Patent … protects the ornamental features of the Tote Hanger's top and bottom hooks, which include, among other non-functional features, the shape of the hooks … [and] the 90-degree offset."). In fact, AccEncyc was forced to acknowledge that the district court found the 90-offset hook orientation to be an ornamental feature, not a functional feature. (*AccEncyc Brief* at 18.) Thus, AccEncyc's argument that the 90-degree offset is a functional feature is actually an argument that the district court's analysis was erroneous, not that it should be affirmed.

### B. AccEncyc Incorrectly Argues the District Court Properly Considered Individual Design Details.

AccEncyc argues more broadly that the district court properly considered the individual design features – that a court not only may, but should explain its overall conclusion about whether an ordinary consumer would be confused by tying that conclusion to the individual features that would lead to confusion or lack

of confusion. (*AccEncyc Brief* at 21-27.) Contrary to AccEncyc's argument, however, the district court did not use the individual design features to construct an overall position regarding confusion. Rather, the district court simply identified three individual ornamental design features in the Jackie Easlick Companies' patented product that differ from AccEncyc's accused product and concluded based on those three individual features that there would be no consumer confusion (without ever reaching the ultimate issue of whether the designs, as a whole, are confusingly similar). (Appx015-016 (the center of each handbag hook, the shape of the bottom hook, and their finished ends.)) That, however, is precisely what this Court has said a district court must not do. *Revision Mil., Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 526–27 (Fed. Cir. 2012) (reversing denial of preliminary injunction where district court focused on individual features that "stand out as dissimilar" instead of comparing the overall designs).

### C. AccEncyc Inaccurately Accuses the Jackie Easlick Companies of Doctoring the Images in its Brief.

In its opposition, AccEncyc accused the Jackie Easlick Companies of "doctoring" two charts included in their opening brief. (*AccEncyc's Brief*, at 26 n.3.) These charts are reproduced below.

| | The Closest Comparative Designs and the Jacki Easlick Companies' Design Claimed in the `526 Patent | | | |
|---|---|---|---|---|
| | '924 Design | '446 Design | The Jacki Easlick Companies' Design | The Jacki Easlick Companies' Design (90° Rotated View) |
| | | | | |

| | The Closest Comparative Designs and AccEncyc's Accused Product | | | |
|---|---|---|---|---|
| | '924 Design | '446 Design | AccEncyc's Accused Product | AccEncyc's Accused Product (90° Rotated View) |
| | | | | |

The Jackie Easlick Companies strongly dispute any accusation that they have "doctored" anything. While these two charts did not appear in precisely this form in the record before the district court, each image used in these two charts did. In fact, the Jackie Easlick Companies provided the citation to each image in

their opening brief. (*Jackie Easlick Companies' Brief* at 22-23.) Thus, these charts properly juxtapose images in the record and visually demonstrate the overwhelming similarity between the two products. They also demonstrate that the district court's focus on three individual design features (as advanced by AccEncyc below) distracted the district court from the "big picture" comparison that this Court's precedents require.

### D. AccEncyc Incorrectly Argues the District Court Acted Properly in Failing to Consider the Prior Art.

While the Jackie Easlick Companies and AccEncyc both cite the same standard for when prior art comes into play, AccEncyc argues that prior art cannot be used to strengthen or expand the protections of a design patent, only to narrow the protection. (*AccEncyc's Brief* at 28-33.) AccEncyc, however, cites no authority at all for this proposition, which is inconsistent with this Court's teachings.

The purpose of a district court's review of the prior art is to evaluate how an "ordinary observer" would perceive the overall design of the products in question. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc, citing *Gorham v. White*, 81 U.S. 511, 528 (1871)). Contrary to AccEncyc's contention, the comparison of the patent product and the accused product to the prior art absolutely can demonstrate consumer confusion and infringement.

For example, in *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117 (Fed. Cir. 1993), the plaintiff contended that the defendant's sneakers infringed the plaintiff's design patents. The district court both compared the designs of the patented and accused products and considered those designs to the prior art. The district court found that nothing in the prior art suggested "the appearance of the claimed design as a visual whole," and this Court affirmed that finding. *Id.* at 1124. *See also Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988) (holding the court should compare the overall appearance of the patented product to the prior art because the fact that "some components of Avia's designs exist in prior art references is not determinative."); *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("When the differences between the claimed and accused designs are viewed in light of the prior art, the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from the prior art.").

Accordingly, AccEncyc's argument that prior art cannot serve to demonstrate infringement and consumer confusion is squarely contradicted by this Court's case law. As explained in more detail and illustrated in the Jackie Easlick Companies' primary brief, the Jackie Easlick Companies' product and the accused product share the distinctive design feature of the 90-degree offset hook orientation—a feature not found in the prior art and thus which strongly supports

market confusion caused by the accused product. Similarly, the shape of the tops and bottoms of the hooks are similar in the claimed and accused designs, yet much different from the prior art. Thus, the design of both the Jackie Easlick Companies' product and the accused product are not only very similar to each other, they are markedly different from any other product on the market at the time that the Jackie Easlick Companies designed their product—further establishing marketplace confusion. The district court erred by failing to consider the competing designs in light of the prior art.

## II.    AccEncyc's Arguments Confirm That the Jackie Easlick Companies are Irreparably Harmed by AccEncyc's Conduct.

In the section of its opposition addressing irreparable harm, AccEncyc makes four arguments. First, AccEncyc argues that the Jackie Easlick Companies' request for injunctive relief was not properly supported because they did not provide *direct evidence* of sales lost as a result of AccEncyc's infringement. (*AccEncyc's Brief* at 34.)  But that is the whole point of the case law saying that there is irreparable harm in these situations—everyone knows the harm is occurring but it is difficult to obtain the direct evidence necessary to prove a damages claim. Numerous preliminary injunctions have been entered in online counterfeiting cases based on similar evidence. *See, e.g.*, *Allseason Enterprises, LLC v. Routes Enterprises*, No. 25-cv-0027 (W.D. Pa. Feb. 25, 2025) (Colville, J) [ECF No. 53] (preliminary injunction granted with no direct evidence of lost

sales); *Pawesome Pet Products LLC v. Lvliang Kitchenware Store*, No. 24-cv-905 (W.D. Pa. Aug. 6, 2024) (Hornak, CJ) [ECF No. 37] (same); *AFG Media Ltd. v. lemonseven*, No. 24-cv-557 (W.D. Pa. May 6, 2024) (Stickman, J) [ECF No. 35] (same); *Nifty Home Products, Inc. v. Ladynana US*, No. 22-cv-994 (W.D. Pa Sept. 19, 2022) (Schwab, J) [ECF No. 48] (same).

AccEncyc's second, third, and fourth points pertain to the Jackie Easlick Companies' argument that the district court erred by reversing its position on irreparable harm between the TRO stage and the preliminary injunction stage with no change in the record. (*AccEncyc's Brief* at 36–38.) AccEncyc's brief admits that AccEncyc never argued the lack of irreparable harm to the district court at the preliminary injunction stage. *Id.* at 36. AccEncyc misunderstands the Jackie Easlick Companies' argument, however, arguing that the district court was free to find a lack of irreparable harm even if AccEncyc did not make that argument. *Id.*

It is of course true that the district court may deny injunctive relief if it finds a lack of irreparable harm on its own, even if the defendant fails to raise the issue. The point here, though, is that the district court found irreparable harm at the TRO stage based upon the evidence that the Jackie Easlick Companies submitted, then reached the opposite conclusion at the preliminary injunction stage based on the same record and with no argument on the point by AccEncyc. That about-face was arbitrary and capricious.

Accencyc also attacks the evidence the Jackie Easlick Companies did submit showing irreparable harm. (*AccEncyc's Brief* at 37–38.) The evidence the Jackie Eastlick Companies submitted was sufficient for the district court to issue a TRO against all defendants in the case (ECF No. 22) and a preliminary injunction against all defendants other than AccEncyc. (ECF No. 77.) Again, AccEncyc misses the point of the Jackie Eastlick Companies' argument. AccEncyc accuses the Jackie Easlick Companies of simply repeating the arguments and evidence that the district court previously deemed insufficient. (*AccEncyc's Brief* at 37.) But the district court's decision holding that irreparable harm had not been shown does not cite to any of the evidence submitted by the Jackie Eastlick Companies – the Declarations of Jackie Easlick and Stanley D. Ference III. The district court did not say this evidence is insufficient to show irreparable harm, the district court seemingly missed or ignored it.

At the hearing on the temporary restraining order, the district court made the following statements:

"I think the images that were presented demonstrate that there's a reasonable likelihood of success on the merits and that the patented product is unquestionably being duplicated to an extent that at the very least would cause great confusion in the marketplace…" (ECF No. 20, p. 4, lines 6-11.)

"[T]he case law is well established that the loss of goodwill in the market, the loss of business reputation caused by inferior knock-off products is more than enough to meet the prong that the plaintiff cannot be fully compensated by monetary damages alone and injunctive relief is warranted." (ECF No. 20, p. 4, lines 19-24.)

"This Court … takes a very strong view that the ingenuity of men and women in our district inventing things that have a market of their fellow consumers should not be diminished by wrongful pirating and misappropriation of their hard work and their ideas and only injunctive relief can preserve that interest on behalf of plaintiffs like this." (ECF No. 20, p. 4, line 25 – p. 5, line 7.)

Despite making the above statements regarding irreparable harm at the hearing on the temporary restraining order, the district court – without any argument from AccEncyc – pivoted 180-degrees and found no irreparable harm. As the Jackie Easlick Companies submit, in doing so, the district court ignored the evidence of irreparable harm they submitted.

Additionally, AccEncyc argues that its selling of a few hundred dollars of product cannot result in irreparable harm to the Jackie Easlick Companies. (*AccEncyc's Brief* at 38.) Neither the Jacki Easlick Companies nor the Court is obligated to accept these representations at face value. Rather, the Jackie Easlick

Companies are entitled to conduct discovery regarding AccEncyc's marketing and sales activities.

Finally, AccEncyc argues that the inability to collect a judgment is not irreparable harm. This is yet another argument raised by AccEncyc for the first time on appeal, and AccEncyc asserts (without providing any record citation) that it has a robust financial account in the United States subject to the jurisdiction of the court.

Additionally, this argument is contrary to law. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (the unsatisfiability of a money judgment can constitute irreparable injury). Indeed, what has happened in other online infringement cases when defense counsel have been successful in persuading the court to reduce the amount of the restrained funds is that the defendant has then immediately defaulted, leaving the plaintiff unable to collect the damages ultimately awarded. *See Volkswagen AG v. hkseller\*2011*, No. 18-cv-7621 (N.D. Ill. May 6, 2019) [ECF No. 53, p. 3] (district court found "Defendants took deliberate action to avoid the asset restraint imposed in this case.")

In sum, the purpose of a preliminary injunction is simply to preserve the *status quo* during the litigation process. AccEncyc may ultimately persuade the fact-finder that its representations regarding its activities and intentions are

accurate, but these unproven representations are not a reason to disturb the status quo.

## CONCLUSION

Although the district court correctly stated the applicable standard requires comparison of the overall impression of the subject products, the district court did not apply that standard. Rather, the district court focused on differences in small individual design details between the design set forth in the patent and the accused product, without considering the designs as a whole. Furthermore, the district court ignored the evidence of irreparable harm submitted by the Jacki Easlick Companies. Accordingly, the Jackie Easlick Companies respectfully request that this Court reverse the district court's decision and vacate its denial of the Jackie Easlick Companies' motion for a preliminary injunction.

Respectfully submitted,

Dated: March 31, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
Brian Samuel Malkin
FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile
courts@ferencelaw.com

Attorneys for Appellants

# **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e) because the Brief contains **2,710** words, excluding the parts exempted by Federal Rule of Appellate Procedure 27(d)(2) and Fed. Cir. R. 27(d), as determined by the word-counting feature of Microsoft Word.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using MS Word in a 14-point Times New Roman font.

Dated:  March 31, 2025

                                                          /s/ Stanley D. Ference III
                                                         Stanley D. Ference III